# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ERICA NASHVILLE-HYTER       *
          PLAINTIFF,       *    CIVIL CASE NO.: 14-410-KD-C
                                 *

VS                              *
                                 *   CIVIL ACTION LAWSUIT
SHERLEAN N. WHITE NASHVILLE,  *  42 U.S.C. SECTION 1981 ET.SEQ.
JOYCE NASHVILLE-MOORE,        *  28 U.S.C. SECTION 2201-2202
JAMES ALBERT MILES, JR         *  28 U.S.C. SECTION 1343 and 1391
"NASHVILLE",                       *  18 U.S.C. SECTION 1961 et.seq.
a/k/a JAMES ALBERT SANDERS     *
a/k/a JAMES SAUNDERS          *
ANITA NASHVILLE,               *
JOYCE NASHVILLE-MOORE,        *   CIVIL RIGHTS VIOLATIONS
JACOB NASHVILE,              *
JOHN PITTMAN,               *
D. ROBERT STANKOSKI,         *
WESTERN SURETY COMPANY,     *
NEILL BONDING AND INSURANCE,  *
FOUR UNKNOWN DEFENDANT'S    *
AND DEFENDANT'S et. al. Estates.   *
             DEFENDANTS ET.AL..

ALL IN THEIR OFFICIAL AND PRIVATE CAPACITY.

FILED SEP 3 '14 AM10:05 USDC ALS

<u>PLAINTIFF REQUEST TRIAL BY JURY</u>

<u>VERIFIED COMPLAINT</u>

## COMPLAINT

1.      This is a Federal Civil Rights Complaint filed pursuant to 42 U.S.C. Section

42 U.S.C. et.seq.; 28 U.S.C. Sections 1343 et. Seq.; 2201-2201, 18 U.S.C.

Sections 1961 et.seq. (Civil Rico) by Erica Nashville-Hyter, a United States

Citizen now living in Huntsville, Alabama alleging violations of her Civil

Constitutional rights, seeking damages, injunctive; declaratory and punitive

judgments and, any other relief that this Honorable Court deems equitable in

this Civil Rico lawsuit.

## PARTIES

2.     Erica Nashville-Hyter, the Plaintiff is a resident of  Mobile, Alabama she

was Married to Peter J. Nashville of Daphne, Alabama, he died on January

26, 2003. The following Defendants are an alleged daughter Sherlene N. White

Nashville, she is a resident of Mount Vernon, Alabama. James Albert Miles, Jr.

"Nashville" a/k/a James Albert Sanders is an alleged 'adopted son of said

deceased Peter J. Nashville, he is a resident of Manassas, Virginia.  Joyce

Nashville- Moore is the sister of said deceased Peter J. Nashville, she is a

resident Daphne, Alabama. Jacob Nashville is the brother of Peter J.

Nashville and Anita is his wife they both reside therein Birmingham, Alabama.

The exact address's of all the defendant and their relationship with each other

possibly become known, during discovery,  as well as the 'correct address of

any known or unknown defendants herein this action.  Western Surety Company

is located therein Sioux Falls, SD.; Neill Bonding & Insurance Services is a

agent of said Western Surety they are located therein Fairhope, Alabama.

## GENERAL ALLEGATIONS

3.      Plaintiff Erica Nashville-Hyter, (hereinafter, "Plaintiff"), brings this action

for damages, and for injunctive, declaratory, and other appropriate relief, under

the following authorities.

   (A) The First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment to The

Constitution Of The United States.

   (B) Title 18 U.S.C. Section 1961 et. Seq., the Racketeer Influence and

Corrupt Organizational Act ("RICO");

   (C) Title 42 U.S.C. Section 1981 et seq

   (D) Other statutory and common law of the United States ; And

   (E) Other statutory and common law of Alabama.

4.  Plaintiff Hyter, a Pro Se Citizen, suffers under legal disability caused by

incompetent and ineffective assistance of counsel since 2001. Since then

Plaintiff Hyter, has continually suffered a denial of basic due process rights, and

is forced to bring this suit to protect herself, and her family interest, against a

planned, concerted, unlawful and continuing conspiracy by defendants.

5.  By and through a pattern of coordinated, fraudulent and extortionate means,

defendants have campaigned to wrongfully and illegally, affect Plaintiff's rights

to Liberty and Property, and her right to conduct her business without illegal

interference.  Commencing in 2003 and continuing through the present,

defendants have conspired to harm Plaintiff by:

(A)  Smearing her name in the business community;

(B) Financially crippling her;

©  Causing false criminal charges to be brought against her and thereafter a

warrant for her arrest;

(D) Illegally seizing her property;

(E) Obstructing Justice;

(F)  Malicious abuse of process;

(G)  Other violations of Plaintiff Hyter rights, as detailed later herein.

6. To achieve these results, the defendants and others, in the Southern District

 Of Alabama, and elsewhere have;

(A)  Conspired together and with others, to violate Plaintiff Hyter Rights

 protected by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments

to the United States Constitution, as hereafter detailed;

(B)  Conspired together with others, to convey false and misleading information;

 18 U.S.C. Section 35

(C)  Conspired together and with others, to conspire against the rights of a

 citizen;  18 U.S.C. Section 241

    (D)        Conspired together and with others, to misuse power of the Court;

18 U.S.C. Section 401.

(E)  Conspired together and with others, to deprivation of Rights under color of law;  18 U.S.C. Section 242

(F)  Conspired together and with others, to make fraudulent and false statements;  18 U.S.C. Section 1001 et.seq.

(G)  Conspired together and with others to commit mail fraud;  Title 18 U.S.C. Section 1341

(H) Conspired together and with others to commit wire fraud;  Title 18 U.S.C. Section 1343

(I)  Conspired together and with others to violate Plaintiff 's Federally protected rights;  Title 18 U.S.C. Section 371.

(J) Conspired together to commit Perjury. Title 18 U.S.C. Section 1621 et.seq.


7. Plaintiff allege that she and Peter J. Nashville were married to each other on June 9, 2000 in Mobile, County Alabama.

8. Plaintiff allege that during said marriage, Plaintiff and her husband lived in a trailer thereon the Nashville estate at 7550 Moore Lane, Daphne, Alabama.

9.  Plaintiff allege that Plaintiff's husband was the owner of said trailer and that portion of the property wherein said trailer was situated.

10.     Plaintiff allege that she and her husband Peter J. Nashville had a home built on property deeded to her husband thereon the Nashville estate at 7420, Moore Lane, Daphne, Alabama 36526 thereafter, the couple rented said trailer

in an effort to obtain extra income.

11.     Plaintiff allege that on January 26, 2003, Plaintiff's husband Peter  J.
Nashville, died,  he died intestate.

12.  Plaintiff allege that her husband, the decedent's mother "Amanda Nashville"
died on July 12, 1995 intestate, she left surviving, her daughter, defendant
Joyce Nashville-Moore, two(2) sons Jacob Nashville and the Plaintiff's husband
Peter Joseph Nashville.

13.  Plaintiff allege that as a result of her husband's death, she was now heir to
one hundred percent of her husband estate as well as a equal share of his
mother intestate estate "Amanda Nashville."

14. Plaintiff allege that defendants Joyce Nashville Moore; Jacob Nashville;
Anita Nashville; Sherlene Nashville White and Albert Nashville Miles entered
into a Rico Conspiracy and acted in concert to defraud and deprive  Plaintiff
the right to inherit from the aforesaid estates as surviving spouse , in fact,
defendant Jacob Nashville and his sister defendant Joyce Nashville-Moore
began conspiring to take the rent that Plaintiff was receiving from a trailer that
her and the decedent owned thereat 7550 Moore Lane, Daphne, Alabama

15.     Plaintiff allege that on or about August 24, 2006, defendant White filed a
"Petition For Letters Of Administration" in the Probate Court Of Baldwin County,
Alabama alleging that she was entitled to become said "Administrator" because,

she alleged that "she is the daughter of the deceased," Case No:. 24,291.

16.      Plaintiff allege that defendants Jacob and Anita Nashville both were "cross claim defendants" acted in concert with defendant White to defraud Plaintiff therein the aforesaid Probate Court Case No:. 24, 291.

17.      Plaintiff allege that defendant Albert Miles Jr. "Nashville" falsely alleged he is the adopted son, James Albert Sanders acted in concert with defendants et al and did use the United States Mail in support and in furtherance of the Conspiracy to defraud Plaintiff of her inheritance as surviving spouse.

18.      Plaintiff allege that on or about September 25th, 2006, defendant White was Granted "Letters Of Administration" by the aforesaid Probate Court of Baldwin County and,  thereby became the legal representative of the estate of the decedent Peter J. Miles, the husband of  Plaintiff , in furtherance of the Rico conspiracy.

19.      Plaintiff allege that on or about September 8th, 2006, Western Surety Company willingly, knowingly and with malice of forethought issued a bond for defendant White as surety with regard to said Letters Of Administration in furtherance of the Rico conspiracy.  Said bond was issued through its agent Neill Bonding & Insurance Services in furtherance of the Rico Concpiracy.


20.      Plaintiff allege that defendants Sherlene White and Albert Miles Jr. "Nashville" alleged son both willingly, knowingly and with malice of forethought

falsely represented themselves as the lawful children of the decedent in furtherance of the Rico conspiracy to defraud Plaintiff of her husband's intestate estate as well as her share of "Amanda Nashville" intestate estate.

21.     Plaintiff allege that on January 29th, 2007, defendant White through her attorney filed a petition in the said probate court to remove the case from Probate to Circuit Court Of Baldwin County thereafter, On February 1st, 2007, the court Granted said petition and, the case was removed to the Baldwin County Circuit Court and docketed as CV-2007-000112.00.

22.     Plaintiff allege that on December 13, 2004, *prior* to fraudulent applying to become Administrator of said estate, defendant White filed a Complaint therein the Baldwin County Circuit Courthouse seeking Partition; Conversion; and Rental arrearage, that case was docketed in said Circuit Court as Sherlean White vs Erica Nashville, Case No:. CV-2004-1429.

23.     Plaintiff allege that thereafter White filed the initial case therein 2004, in an effort to further the conspiracy, defendants Jacob and Anita Nashville filed motions to dismiss said case alleging that neither "Plaintiff(White) nor Erica Nashville are owners of the property ,such causes of action cannot be maintained." Further alleging that these matters must be filed in Probate Court , accordingly, defendants Jacob and Anita Nashville did this in furtherance of the Rico Conspiracy to defraud Plaintiff of her rights to inherit a portion of the Nashville estate therein Daphne , Alabama.

24.     Plaintiff allege that defendants White; Joyce Nashville-Moore and

Jacob Nashville conspired with others and did take Plaintiff's trailer and

the property where it was situated and began a campaign to ruin the Plaintiff

financially as well as emotionally in furtherance of the Rico conspiracy and

defendants should have known that under Civil Rico that they do not have to

know one another and defendants can enter this Rico Conspiracy at any time

and the acts of "any one defendant" to further the conspiracy are the acts of

"all defendants" and each conspirator may be held responsible for the Civil

substantive acts committed by his cohorts ("any defendant") in Title 18 Section

1961 et seq., Civil Rico Remedies.


25.     Plaintiff allege that she retained defendant John Pittman to represent

and defend her in 2004 , defendant Pittman failed to  determine through

discovery if defendant's Sherlean White and John Albert Miles Jr. "Nashville"

, Adopted son a/k/a James Albert Sanders were *legally* the children of the

decedent Peter J. Miles, Plaintiff's husband for, the purpose of sucession

instead, defendant Pittman conspried with the defendants to force the

Plaintiff to sign away her sucession rights to portions of the Nashville estate

in furtherance of the Rico Conspiracy.

26.     Plaintiff allege that attorney D. Robert Stankoski, Jr. represented

defendants Sherlean White, Anita Nashville  and Jacob Nashville therein

aforesaid Baldwin County Probate Court and the Baldwin County Circuit

Court cases, he knew or should have known that defendants White and

the said "Adopted son" were *not the legal children* of Peter J. Miles, the

Plaintiff's husband. In fact, attorney Standoski introduced the "Adopted Son"

by all the following names therein his pleading from the onset in an effort to

defraud the Plaintiff; "James Albert Miles, Jr. "Nashville" Adopted Son a/k/a

James Albert Sanders" in furtherance of a Racketeering Enterprise.  Plaintiff

re-allege paragraphs 1 through 24 herein this paragraph.  Accordingly,

defendant Standoski represented defendants White and Sanders in securing

said "Letters Of Adminstration" therein the Baldwin County Probate Court yet,

defendant Stankoski never produced  defendant James Sanders full address

he only stated that he resided in "Manassas, Virginia, during the entire process

of said legal proceedings against the Plaintiff defendant Standoski has never

revealed defendant Sanders address in any of his pleadings all in furtherance of

the Rico Conspiracy.

27.        Plaintiff allege that in 2006 defendant White acting as administrator of

the decedent estate filed a "Inventory Of Estate" therein the Probate Court Of

Baldwin County that amounted to a sum of  $76,799.48 thereafter, defendants

James B. Pittman Jr.  and D. Robert Standoski attempted to force the Plaintiff

into a settlement of the estate whereby if Plaintiff agreed to sign over said

trailer and property among other things, defendant White would agree to

waive or drop said $76,799.48 inventory allegedly owed to said estate if the

Plaintiff would sign and agree to said settlement, Plaintiff refused to agree or

to the defendants proposed settlement and release.  Plaintiff filed a Pro Se

Motion To Reduce said sum therein said inventory due to personal property

and the same was granted.

28.        Plaintiff allege that thereafter she refused the aforesaid settlement

defendants began a campaign of  terror against the Plaintiff by filing motions

for sanctions therein the Baldwin County Court House requiring that Plaintiff

provide the defendant Sherelene White(administrator of estate), (1) Keys

to Plaintiff's trailer, (2) all documents relating to Plaintiff's 2002 Mustang Ford

and 1995 Mercury Sable, (3) $5,200 which represented rental income through

and from the leasing of Plaintiff's Trailer in furtherance of the Rico Conspiracy

to defraud the Plaintiff .  Moreover, the Court held the Plaintiff in "Contempt

Of Court" and a arrest warrant was issued against the Plaintiff. *Inter Alia.*

29.  Plaintiff allege that pursuant to Section 43-8-41 Alabama Code 1975,

Plaintiff was entitled to inherit her husband's *"entire intestate estate"* however,

the defendants did conspire and acted in concert to falsely represent Sherlean

White and James Saunders as Plaintiff husband's legitimate children in an

effort to defraud Plaintiff of her sucession rights in an ongoing Rico

conspiracy.

30.  Plaintiff allege that  her husband's mother, Mrs  Amanda Nashville died intestate on July 12, 1995  leaving, the Plaintiff's husband and, Jacob and Joyce Nashville as heirs to her estate therefore, under Section 43-8-42(1) Alabama Code 1975, Plaintiff was entitled to an equal share of  the *mothers estate*  however,  the defendant's et al  conspired to fraudulent take Plaintiff's intestate rights to property under color of law in furtherance of a ongoing Rico conspiracy.

31.      Plaintiff allege that the defendants have fraudulently partitioned off the estate of her late mother-in-law Amanda Nashville to deprive Plaintiff of her rights to survivorship in furtherance of the Rico conspiracy. Furthermore, said Amanda Nashville  intestate property *was never mentioned in any of the aforesaid court actions against the Plaintiff* simply because the defen-dants were concealing "Amanda's" property in hope that the Plaintiff sign the "Mutual Release And Settlement Agreement" and "Quitclaim Deed"  and thereby lose all her rights to inherit anything from her husband's intestate estate as well as what is entitled her through her mother-in-law intestate estate.

32.  Plaintiff allege that the defendants are/have illegally taken the rent collected from Plaintiff's trailer located at 7550 Moore Lane, Daphne, Alabama 36526.

33.  Plaintiff allege that the defendants have denied her all access to the property thereon Moore Lane known as the "Nashville Estate" by fencing off

the aforesaid property and by threaten Plaintiff's life if she tresspassed thereon

any of the "Nashville estate" therein Daphne, Alabama.

34.    Plaintiff allege that defendant Sherlene White came to Alabama as

a child from Pittsburg, Pennsavania and the Nashville family took her in. "Peter"

the decedent was never married to the mother nor did he intend to marry her,

pursuant to Section 43-8-48(2) defendant White *is the mother's child* and

thus defendant White lacked standing to become the administrator of

the estate of Peter J. Nashville. See also the Alabama Uniform Parentage Act

Section 26-17-2(2)

35.    Plaintiff allege that the decedent was married to James Albert

"Nashville" Miles Jr. mother however, the decedent was not the father. Said

mother had the child prior to said marriage from another relationship further,

the decedent never adopted defendant James Albert "Nashville" Miles Jr.

therefore he did not fit within the intestate sucession of parent and child .

See Section 43-8-48 et. Seq.  Further, defendant Standoski represented

defendant Sanders as " James Albert Miles, Jr. "Nashville", Adopted Son a/k/a

James Albert Sanders Manassas, Virginia.  Moreover, defendant Sanders did

sign a notarized pleading and represented himself as "James Saunders".  In

the instant case, Plaintiff does not know defendant Sanders true name  or

address plainly, defendant Standoski and Sanders did this in furtheance of

the Rico Conspiracy to deprive Plaintiff of her Constitutional rights.

36.  Plaintiff allege that on March 30, 2009 the Baldwin County Court issued an order compelling Plaintiff, to return the sum of Five Thousand Two Hundred and 00/100 Dollars ($5200.00) which represented rental income from the Plaintiff and her husband's trailer.  The Plaintiff did not have the funds therefore defendant White as adminstrator filed a Motion For Sanctions.  The Court granted said Motion thereafter, upon Motion the Court reduced sanctions to judgment for the above said sum of money against Plaintiff on July 22, 2009.

37.  Plaintiff allege that on September 30, 2010 defendant White filed a "Adminstrator's Motion For Reimbursement Of Attorney's Fees"  through defendant Standosky therein the Baldwin County Courthouse wherein after he requested $1,749.92 reimbusment  for attorney fees, defendant Standoski falsely stated therein said Motion:  "The sole assest of the above-styled Estate consist of a one-third(1/3)  *undivided interest in a parcel of real estate along with a trailer which has become a permanent fixture."  "With the exception of the afore-mentioned real property, the Estate is in essence insolvent."*  Contrary to the defendants flase allegations, said "estate" consist of much-much more than defendant Standoski falsely alleged therein his pleadings filed therein the Baldwin County Courthouse in furtherance of a ongoing Rico Conspiracy. Plaintiff is plainly entitled to One Hundred Percent of her husband's intestate estate well as a portion of her late mother-in-law "Amanda Nashville" estate that was concealed and hid therefrom the entire proceedings therein the

Baldwin County Courts in furtherance of the ongoing Rico Conspiracy.

Plaintiff through discovery intend to show that defendants White and Sanders
are not the legal childeren of the decedant Peter J. Nashville and therefore
do not qualify as his legal heirs moreover, Plaintiff intend to show that these
defendants conspired to defraud her of sucession rights and defendants have
suceeded in financially ruining her and defrauding her of her rights to inherit
from her late husband intestate estate as well as her late mother-in-law ,
"Amanda Nashville" intestate estate in furtherance of a ongoing Rico
Conspiracy.

THE EVENTS NOTED IN THE ABOVE
PARAGRAPHS, ARE COGIZABLE AND
ACTIONABLE UNDER 18 USCS 1961
ET. SEQ., AND 42 USCS 1981 ET.SEQ.

Plaintiff Erica Hyter has the following causes of action.

## FIRST CAUSE OF ACTION

38. This is a Civil Rights Lawsuit as a result of the *ongoing* deprivation of
Plaintiff's Civil Rights in furtherance of a Rico Conspiracy

39.   Plaintiff re-alleges paragraphs 1 through 37 of this Complaint.

40.   Plaintiff allege that the defendants et.al. did conspire to defraud and did

defraud her  rights to property in violation of the laws of the Federal Constitution

and the laws of the State of Alabama in furtherance of a Rico Conspiracy.

41.  Plaintiff sues these defendants for the sum of Five Hundred Thousand

Dollars ($500,000.00) each.


## SECOND CAUSE OF ACTION

41.        Plaintiff re-allege paragraphs 1 through 41 of this Complaint.

42.  Plaintiff allege that when the defendants  did violate Plaintiff's Civil Rights

when defendant's violated the aforesaid Title 18 Sections which protected

Plaintiff's rights and Plaintiff's were violated under color of law in an ongoing

Rico Conspiracy in Southern Alabama.

43. Plaintiff allege that defendant did violate Plaintiff's Civil Rights,

when the defendants caused Plaintiff and her family to be denied due process

of law that is protected by the  Fifth Amendment to the Federal Constitution and

Alabama State statues in a ongoing Rico Conspiracy.

44. Plaintiff sues these defendants for Five Hundred Thousand Dollars($500,

000.00)each.

## THIRD CAUSE OF ACTION

45.  Plaintiff re-allege paragraphs 1 through 44 herein this Third Cause of Action.

46. Plaintiff allege that the defendants did willingly, knowingly and with malice of forethought act in concert to violate Plaintiff Sixth Amendment rights in a ongoing Rico Conspiracy and said conspiracy did cause the Plaintiff and her family to be financially harmed inter Alia, under color of law.

47. Plaintiff sues these defendants for Five Hundred Thousand Dollars ($500.000.00) each.

## FOURTH CAUSE OF ACTION

48. Plaintiff re-allege paragraphs 1 through 47 therein this Fourth Cause Of Action.

49. Plaintiff allege that the defendants willingly, knowingly and with malice of forethought did cause the Plaintiff to be deprived of Equal Protection Of the law under the Fourteen Amendment Of The Federal Constitution and the laws of the State Of Alabama in an ongoing Rico Conspiracy.

50. Plaintiff sues these defendants for Five Hundred Thousand Dollars ($500.000.00)each.

THE EVENTS AND ISSUED NOTED
IN THE ABOVE PARAGRAPHS 35
THROUGH 48, ARE COGNIZABLE
AND ACTIONABLE UNDER 18 USCS
1961 ET. SEQ., AND 42 USCS
1981 ET.SEQ.

## RELIEF SOUGHT

51. WHEREFORE, the Plaintiff prays for relief by order of this Honorable Court as follows:

A.)  Issue declaratory judgment that the defendants violated the United States Constitution when defendant's acted in paragraphs 1 through 50 of this Complaint.

B.)  Issue injunctive relief by Court Order directing the defendants to remove the fence and no trespassing signs on Moore Lane access to the "Nashville" properties and, defendant not to cause any more reckless endangerment to Plaintiff's life, liberty and property.

C.)  Appoint a Guardian Ad Litem to investigate the *entire* *"Nashville"* properties as well as the deceased "Amanda Nashville" intestate property and said illegal partitioning of said property therein Daphne, Alabama.

D.)      That thereafter said Guardian Ad Litem makes his report to

the Court issue a judicial seperation of the respective interest in

the Estate so that Plaintiff can take possession of enjoy, and

control her seperate estate at her own pleasure.

E.)  That Plaintiff be awarded money damages and costs as

follows:

F.)  Five Hundred Thousand dollars ($500,000.00) against

each defendant for their violations against Plaintiff in

paragraphs 1 through 51 for denial of First, Fourth, Fifth,

Sixth. Eighth and Fourteenth Amendment rights of Plaintiff.

G.)      That defendants pay cost and attorney fees of this

action.

H.)   That defendants pay compensatory, and punitive

damages to Plaintiff, in the above request for damages.

I.)   That the court award compensatory and punitive damages

pursuant to Rico Civil Remedies as deemed just by this

Honorable Court.

52.    Plaintiff is not a trained lawyer therefore, pursuant to _Haines vs Kerner,_

404 U.S. 519, 92 S.Ct. 30 L.Ed 652 (1972, Plaintiff request most humbly that her

briefs, motions and pleadings be held to less stringent standards than formal

pleadings filed by trained attorneys

53.     Plaintiff request trial by jury.



Respectfully submitted

*Erica Nashville Hyter*
Erica Nashville, Hyter
3425 Kings Gate Dr. West
Mobile, Al. 36618

## CERTIFICATE OF SERVICE

  this is to certify that I have served a true and correct copy of the foregoing
Civil Action Rico Lawsuit upon the Clerk Of Court for the United States
District Court, For The Southern District Of Alabama 113 St. Joseph Street,
Mobile, Alabama 36602 on this___29___day of __August___2014.



Please Serve Defendants At
the Following Address's.

Jacob Nashville
1004 Graham Ave.
Birmingham, Al. 32514

Anita Nashville
909 Chichester Dr.
Birmingham, Al. 35214

Sherlene White
2295 Railroad Street
Mount Vernon, Al. 36560

D. Robert Stankoski, Jr.
P.O. Drawer 2049
Fairhope Al. 36533

Joyce Nashville-Moore
7575 Moore Ln.
Daphne, Alabama 36526

Western Surety Company
101 S. Reid Street
Sioux, Falls SD, 57103-7046

Neill Bonding & Ins . Services, Inc
P.O. Box 925
Fairhope, Al. 36533

James B. Pittman Jr.
P.O. Box 2525
Fairhope, Al. 36526

James Saunders, a/k/a (James Albert Miles)
35 Dickerson Dr.
Inwood, W, Va. 25428

STATE OF ALABAMA                    *     ss
COUNTY OF MOBILE                    *

   SWORN TO SUBSCRIBED before me on this _29_ day of _August_
2014, as true and correct to the best of my knowledge and belief.


Notary Public

_Melanie C. Phelps_                    My Commission Expires

| MELANIE C. PHELPS |
| Notary Public |
| State of Alabama |
| MY COMMISSION EXPIRES:   JUNE 5, 2016 |